BERTHA GROBART et al., complainants-respondents,

*v.*

PASSAIC VALLEY WATER COMMISSION, defendant-appellant.

[Submitted February 11th, 1944. Decided April 20th, 1944.]

*Mr. Louis V. Hinchliffe,* for the appellant.

*Mr. William W. Evans,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

This is a water diversion case. The complainants are, and their predecessors have been, owners for a considerable time of lands in the City of Paterson, bordering on the Passaic River, and complainants brought this bill to enjoin the defendant, Passaic Valley Water Commission, from abstracting water from the river above Paterson, to the detriment of complainants. The defense was title or right to the water by prescription arising out of continuous user of the water for a period of over twenty years. The daily average of water diverted for each year beginning with 1900, and ending with 1935, was duly proved at the hearing. During the twenty years from 1900 to 1919, inclusive, the smallest annual draft from the river appears to have been 22.6 million gallons per day. This was in 1905. For most of the years of the twenty year period it was considerably larger. The defendant does not seem to dispute the right of the complainants to prevent the abstraction of water in excess of the prescriptive right arising from twenty years adverse user, but argues that the figures "of daily average" should be the average of the twenty years and not of the minimum year, but we are clear that the Vice-Chancellor on that point was correct. In *Jessop* v. *Commission, 117 N. J. Eq. 29,* the test was "the amount of water habitually withdrawn" (*p. 35*) but in applying the rule, the court cited the daily averages of four years, 1905 to 1908, which also appear in this case, and selected the lowest as the "habitual" diversion. We think this was correct. The prescriptive right acquired by adverse user is analogous to an adverse possession, as to which a fundamental rule is that it must be continuous; without a break for the period of limitation. The court properly ruled that the continuous abstrac-

tion of water did not extend beyond the 22.6 million gallons, the figures of 1905.

Defendant further argues that the twenty year period should be the last twenty years before bill filed, and not the first twenty years; but assuming, without deciding, that defendant is correct in so claiming, it does not help defendant at all, because a glance at the table of annual diversions shows that in 1935 the draft was only 14.7 million gallons, so that in that event defendant would be worse off than by taking the first twenty.

The next point made in the brief (there was no oral argument) is that there should be no injunction, but this does not seem to be pressed seriously as it was only suggested and not argued.

The final point challenges a portion of the decree requiring the Water Commission to buy the complainants' lands. However, the decree does not require anything of the kind. The language of the decree is that the complainants are entitled to an injunction against taking more water unless the defendant acquires the "rights, properties and estate" of complainants by condemnation or purchase. This the appellant seems to construe as meaning the purchase of complainants' land, but as we read it, means no more than purchase or condemnation of an easement in regard to the water, and the brief for the respondents expressly states that if there is any uncertainty about this, the decree may be amended so that it shall be perfectly clear in this regard.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.